IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Buckeye Ranch, Inc., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:18-cv-906 |
| | : | |
| v. | : | Judge: |
| | : | Magistrate Judge |
| Disability Rights Ohio, | : | |
| | : | |
| Defendant. | : | |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND ATTORNEYS' FEES**

## PRELIMINARY STATEMENT

1. Plaintiff The Buckeye Ranch, Inc. ("The Buckeye Ranch") offers treatment and support services to countless children and families in Ohio who struggle with emotional, behavioral and mental health issues. It is Buckeye Ranch's mission to restore hope and to provide healing solutions for these children and their families, through a comprehensive treatment program and continued support. As one of Ohio's largest private, not-for-profit mental health agencies dedicated to youth, The Buckeye Ranch touches the lives of more than 4,800 children and families each year. With a wide array of programs and services, The Buckeye Ranch is able to provide high quality, individualized care that focuses on the strengths of each child and family. Earlier this Summer the Buckeye Ranch self-reported several incidents involving physical restraints of minor children in this care to the State of Ohio as obligated pursuant to R.C. 2151.421. Despite the independent investigations by the State of Ohio and the Counties of Franklin and Hamilton which found no substantiation of abuse or neglect, DRO has begun a

campaign to not only obtain records and interviews with the affected children but to conduct a general investigation into the policies and practices of The Buckeye Ranch. That includes a demand to randomly select and interview children residing at The Buckeye Ranch - without prior parental or guardian consent or even notice. Efforts by The Buckeye Ranch to amicably work with the DRO and obtain consent from the parents and guardians of these minors was refused and met only by its own lawsuit[1]. The Buckeye Ranch at all times complies with Ohio and Federal laws and regulatory agencies to assure it is compliant with all rules and regulations. It is not its intent here to hide from any responsibility or obligation. Rather, this actions seeks clarification from the Court as to the boundaries of the access DRO has to the records of The Buckeye Ranch and the children in its care and their families so that the privacy interests of the children and their families remain protected. This action further seeks to enjoin Defendant Disability Rights Ohio ("DRO") from exceeding their scope of access to records and access to resident minors of The Buckeye Ranch without the consent of the minor's parents or legal guardians.

## JURISDICTION AND VENUE

2. Jurisdiction exists in this Court as this case raises a question of general federal law, 28 U.S.C. § 1331.

3. The Buckeye Ranch's cause of action arises under the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act") 42 U.S.C. § 10801; 42 U.S.C. § 15043; and 42 U.S.C. § 1983.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) as DRO is located in this District, and the events and omissions complained of occurred in this District.

---

[1] *Disability Rights Organization v. The Buckeye Ranch, Inc.*, Case No. 2:18-cv-894, filed August 16, 2018.

## PARTIES

5.  The Buckeye Ranch is an Ohio corporation doing business in the state of Ohio, Franklin County, as The Buckeye Ranch.

6.  DRO is a non-profit corporation incorporated in the state of Ohio with its principal office located at 200 Civic Center Dr., Ste. 300, Columbus, OH 43215.

## STATEMENT OF FACTS

7.  The Buckeye Ranch self-reports allegations of abuse and neglect to the State of Ohio Department of Mental Health in accordance with R.C. 2151.421. The Buckeye Ranch is obligated to report all allegations no matter how it arises. For example, if a child merely says "you tried to hurt me" that allegation must be reported.

8.  The Buckeye Ranch recently experienced five incidents involving four children where such allegations were made and dutifully reported them to the State of Ohio.

9.  As a result of these reports, the State of Ohio and Franklin and Hamilton County investigated the incidents. None of these independent investigations found any evidence of abuse or neglect.

10. These reports were not made to the DRO nor is The Buckeye Ranch aware of any reports or complaints made directly to the DRO by any independent agency or a parent or guardian of a minor resident of The Buckeye Ranch.

11. DRO requested certain records related to these five incidents involving video footage.

12. In response, The Buckeye Ranch produced the records of the four children involved including all video footage of the restraints.

13. DRO demanded further video footage that did not include the restraints or the affected children. Instead, this video footage included children not involved and contained no information

4827-3184-9072.2

relevant to these five incidents. The Buckeye Ranch declined to produce the additional video as it was irrelevant and The Buckeye Ranch did not believe it was authorized to disclose it under applicable law.

14. On August 16, 2010, DRO demanded interviews with the four children to be conducted at 2:30 p.m. that day, providing only several hours' notice. Two of these children had already been discharged and were no longer residents.

15. The Buckeye Ranch at first agreed to provide access to the remaining two children subject to their therapy class schedules.

16. DRO immediately followed up with additional demands to allow access to any resident that DRO randomly selected to interview. DRO demanded that such access be made available within the week. (See Exhibit A, attached hereto.)

17. The Buckeye Ranch explained to DRO that its position was that under the applicable law the DRO needed consent from parents or guardians before it could interview children at random.

18. DRO claimed they did not need any such consent and had the right to select at random any resident minor to interview.

19. The Buckeye Ranch determined that in order to adequately protect the children and itself given various competing rights of privacy it would request an opinion from this Court and its interpretation of the applicable federal statutes and regulations.

20. Counsel for The Buckeye Ranch notified the DRO and suggested a joint action to the Court to obtain such an interpretation. (See Exhibit B, attached hereto.)

21. DRO did not respond, and instead, filed its own Complaint misrepresenting the facts and the position of The Buckeye Ranch.

## COUNT I – DECLARATORY RELIEF

22. The PAIMI provides a system whereby a designated agency ("P&A System") is given authority to investigate incidents of abuse and neglect of individuals with developmental disabilities.

23. DRO claims to be that designated agency.

24. DRO does not have the authority to investigate the alleged incidents at The Buckeye Ranch because they were not reported to the P&A System. 42 U.S.C. § 15043.

25. DRO does not have the authority to investigate the alleged incidents at The Buckeye Ranch because there is no probable cause to believe incidents occurred, given the fact that the State of Ohio and Franklin and Hamilton County investigated the incidents, finding no substantiation of abuse or neglect. 42 U.S.C. § 15043.

26. DRO has failed to establish that the resident minors of Buckeye Ranch are a client of the P&A System. 42 USC §10805(a)(4).

27. DRO has failed to show any resident minor's legal representatives has refused or failed to act on behalf of the child and that the child is in immediate jeopardy. 42 USC §10805(a)(4).

28. DRO has failed to establish probable cause to believe a resident minor at The Buckeye Ranch has been subject to abuse or neglect. 42 USC §10805(a)(4).

29. DRO has no reasonable grounds for belief that an individual with mental illness has been, or may be at significant risk of being subject to abuse or neglect.

30. The records requested by DRO are not records of an individual, nor are they reports as defined in 42 USC §10806 and are not therefore subject to disclosure.

31. The record/video requested does not include a relevant individual. Rather, it includes other residents who are not relevant to the five alleged incidents.

32. DRO has failed to make every effort to ensure that the parents of minors or guardians of individuals in the care of The Buckeye Ranch are informed that DRO will be monitoring the facility and may, in the course of such monitoring, have access to such minor.

33. DRO has failed to show that there is imminent danger of serious abuse or neglect of any of these children.

34. DRO claims it has no obligation to obtain consent of a parent or guardian or notify such parent or guardian of access to their child.

35. DRO has failed to operate within professional cannons of ethics by failing to instruct and involve family members in the process of access to an individual with mental illness. 42 CFR 51.32

36. DRO claims it is entitled to the additional video footage and access to all residents of The Buckeye Ranch facility without any need to inform the minor's parents to obtain consent.

37. DRO is an agent of the United States for purposes of fulfilling its role as a P&A System therefore its request for records and interviews without probable cause constitutes a search and seizure in violation of the Fourth Amendment of the United States constitution.

38. A justiciable controversy exists warranting declaratory relief.

39. Pursuant to R.C. 2721.03, et seq., The Buckeye Ranch is entitled to a declaratory judgment that as a matter of law, DRO is not entitled to interview randomly selected minor residents absent consent of a parent or guardian and is not entitled to the requeted video footage which is not related to the reported incidents.

## COUNT II: INJUNCTIVE RELIEF

40. The Buckeye Ranch incorporates all prior allegations as if fully rewritten herein.

42. The Buckeye Ranch has a substantial likelihood of demonstrating that DRO is exceeding their scope of access to The Buckeye Ranch's records and residents. The Buckeye Ranch understands DRO may have access to The Buckeye Ranch's facilities, but The Buckeye Ranch believes interviewing resident minors without particularized facts supporting probable cause related to an individual or the consent of a parent or guardian exceeds the DRO's scope of access to The Buckeye Ranch's resident minors.

43. Absent injunctive relief, The Buckeye Ranch, along with its minor residents, will suffer irreparable harm. Allowing DRO access to the resident minors without a parent or guardian's consent will hinder The Buckeye Ranch's ability to preserve the privacy rights of the resident minors it serves and the privacy rights of those resident minor families.

44. These injuries are irreparable with an expectation of being repetitive and evading if not reviewed now. These injuries outweigh the harm that a preliminary injunction may cause DRO. The Buckeye Ranch is attempting to preserve the due process and privacy rights of the resident minors it serves and their families. Furthermore, allowing DRO access to any resident minor without the consent of a parent or guardian will open up The Buckeye Ranch and even DRO to potential litigation with every resident minor's parent or guardian. DRO's harm could be avoided by simply obtaining consent from the resident minor's parents or guardians, as instructed by law and regulations. At the very least, parents and guardians should be informed by DRO before any access to a resident minor is attempted.

45. Injunctive relief, if issued, will not adversely affect the public interest. Granting an injunction protects and preserves the resident minor's privacy rights. The Buckeye Ranch understands DRO's access to facilities and residents pursuant to 42 C.F.R. § 51.42, but DRO not

obtaining consent from parents or guardians before access to a resident minors appears to exceed their scope of authority.

**WHEREFORE,** Plaintiff The Buckeye Ranch requests the following relief:

A. An order declaring that DRO is required to obtain consent of a minor's parent or guardian prior to being given access to interview the child;

B. An order declaring that DRO is not entitled to the additional video footage it has requested which is not relevant to the five incidents they claim to be investigating;

C. An injunction prohibiting DRO from access to The Buckeye Ranch's records or resident minors without first obtaining consent from the resident minor's parent or guardian.

D. An award of reasonable attorney fees and costs pursuant 42 U.S.C. § 1988.

E. Any other relief that the Court deems appropriate.

Respectfully submitted,

**ISAAC WILES BURKHOLDER & TEETOR, LLC**

/s/ Maribeth Meluch

Maribeth Meluch (0055903)
mmeluch@isaacwiles.com
Isaac Wiles Burkholder & Teetor, LLC
Two Miranova Place, Ste 700
Columbus, Ohio 43215
p. 614.221.2121
f. 614.365.9516
Attorneys for Plaintiff The Buckeye Ranch, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Verified Complaint was served electronically upon Laura Osseck, attorney for Defendant Disability Rights Ohio on the 17th day of August, 2018.

/s/ Maribeth Meluch

_____

Maribeth Meluch

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Buckeye Ranch, Inc. | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | Judge: |
| | : | |
| Disability Rights Ohio | : | |
| | : | |
| Defendant. | : | |

## VERIFICATION OF ROBERT PETERS III

*Robert Peters III*, being first duly cautioned and sworn, and acting as the Director of Quality Improvement, Compliance Officer, Maintenance Project Manager of Plaintiff The Buckeye Ranch, Inc. hereby states that the facts set forth in the foregoing Verified Complaint are true as he verily believes.

The Buckeye Ranch, Inc.

By: _____

Robert Peters III, Director of Quality Improvement, Compliance Officer, Maintenance Project Manager

Sworn to before me and subscribed in my presence this 17th day of August, 2018.

_____
Notary Public

BRITTANY MONEY
Notary Public, State of Ohio
My Comm. Expires 02-13-2023
Recorded in Franklin County

4827-3184-9072.2

**From:** Laura Osseck <losseck@disabilityrightsohio.org>
**Sent:** Thursday, August 16, 2018 10:42 AM
**To:** Robert F. Peters III; Maribeth Meluch
**Cc:** Katherine Yoder; Nick Rees; Tjay Spencer
**Subject:** RE: The Buckeye Ranch

*\*\*\*This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.\*\*\*\*\**
Mr. Peters:

3



EXHIBIT A

Thank you for your email. We do not need the consent of the parents/guardians prior to interviewing the children in the course of an investigation. See 42 CFR 51.42 (The P&A system shall have reasonable unaccompanied access to residents at all times necessary to conduct a full investigation of an incident of abuse or neglect). Residents include minors and adults with legal guardians. 42 CFR 51.42(d) and (e). We intend to complete these interviews over the course of the next week as planned.

We have requested that the facility provide us with the names and contact information for the parents/guardians for all youth at the facility. This information must be provided to us promptly. 42 CFR 51.43. Please have that information for Ms. Yoder when she arrives today to avoid any further delay. Please also include the names of the parents/guardians for children 21093 and 13268 who have been discharged from the facility.

Ms. Meluch may contact me if there are further concerns regarding our access.

Laura Osseck
*Attorney at Law*
**Disability Rights Ohio**
614-466-7264 x 123


**From:** Robert F. Peters III <Robert.PetersIII@buckeyeranch.org>
**Sent:** Thursday, August 16, 2018 10:27 AM
**To:** Laura Osseck <losseck@disabilityrightsohio.org>; Maribeth Meluch <mmeluch@isaacwiles.com>
**Cc:** Katherine Yoder <kyoder@disabilityrightsohio.org>; Nick Rees <Nick.Rees@buckeyeranch.org>; Tjay Spencer <Tjay.Spencer@buckeyeranch.org>
**Subject:** Re: The Buckeye Ranch

Good morning Ms. Osseck.

The Buckeye Ranch is committed to maintaining a safe treatment environment for the children and families we serve and looks forward to working cooperatively with Disability Rights Ohio to ensure our clients are free from abuse, neglect, exploitation and discrimination.

We have received your email requesting to meet with 4 clients today at 2:30pm and we are able to accommodate this request. Tjay Spencer will be your contact person today. He can be reached at 614-357-0498. Tjay will have space for you at the Family Life Center. Once you arrive on campus, make your first 2 right turns and the Family Life Center will be the building on your right. Two of the four clients you have requested to see are available at that time. Clients 21093 and 13268 have been discharged from residential.

Client 18569 is available at 2:30pm but has a mental health group therapy session at 3pm so the meeting will need to be concluded by 2:55 pm or a new time can be arranged. Client 19768 is available to meet at the conclusion of the meeting with client 18569.

As far as meeting with every child in the residential program, we do not believe this is appropriate without the consent of the client's parent or guardian. The Ranch is willing to make contact with the parents/guardians of the residential clients and attempt to obtain consent but would need a week to complete this task.

Thank you for your time and attention in this matter.

Robert F. Peters III
Director of Quality Improvement, Compliance Officer, Maintenance Project Manager
The Buckeye Ranch
5665 Hoover Rd.
Grove City, OH 43123
614-395-6235
rpeters@buckeyeranch.org
www.buckeyeranch.org

---

**From:** Laura Osseck <losseck@disabilityrightsohio.org>
**Sent:** Thursday, August 16, 2018 9:14 AM
**To:** Maribeth Meluch
**Cc:** Robert F. Peters III; Katherine Yoder; Nick Rees
**Subject:** RE: The Buckeye Ranch

*\*\*\*This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.\*\*\*\*\**
Maribeth:
Though you mischaracterize our position, a determination of probable cause is within our sole discretion to make – the information I provided to you establishes that very clearly. Your interpretation of our access authority is simply incorrect. We have access to any information that pertains to the individuals, including videos.
Katherine Yoder will be at Buckeye Ranch today at 2:30. Today, she will need to speak to all youth at issue in the requested video footage. Over the course of the next week, she will also need to meet with all youth at the facility.
Please provide us with the name of the Buckeye Ranch staff member Ms. Yoder will need to ask for today as well as the location. She will also need the names and contact information for the parents/guardians of all children in the facility. If the child is in the custody of children services, please specify which county agency. If new children are admitted to the facility during our investigation, please instruct your client to notify us and provide us with the name of the child's parent/guardian. Please provide us with all information your client has that shows that the incidents have been unsubstantiated, including the names of the agencies that completed the investigations. Finally, please provide us with the date or a copy of the facility's most recent survey completed by the Ohio Department of Mental Health and Addiction Services.
Laura Osseck
*Attorney at Law*
**Disability Rights Ohio**
614-466-7264 x 123

**From:** Maribeth Meluch <mmeluch@isaacwiles.com>
**Sent:** Thursday, August 16, 2018 8:08 AM
**To:** Laura Osseck <losseck@disabilityrightsohio.org>
**Cc:** Robert F. Peters III <Robert.PetersIII@buckeyeranch.org>; Katherine Yoder <kyoder@disabilityrightsohio.org>; 'Nick.Rees@buckeyeranch.org'

# Maribeth Meluch

| | |
|---|---|
| **From:** | Maribeth Meluch |
| **Sent:** | Thursday, August 16, 2018 12:25 PM |
| **To:** | losseck@disabilityrightsohio.org |
| **Cc:** | Nick.Rees@buckeyeranch.org |
| **Subject:** | Buckeye Ranch |

Laura, it appears we are not going to agree with your interpretation regarding interviewing residents of the Ranch in general. Can we at least agree on getting an opinion from the Federal Court and delaying these requested interviews until we establish whether you need consent. The Ranch is not trying to thwart legitimate efforts but it also has an obligation to protect the civil rights of its residents and their families. Yes, we understand that your information may be kept confidential but there is more to privacy than keeping records secure. We can file a complaint for declaratory judgment and injunctive relief and get a hearing before the judge in a few weeks.

Sent from my iPhone

