IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Buckeye Ranch, Inc., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:18-cv-906 |
| | : | |
| v. | : | Judge Watson |
| | : | Magistrate Judge Vascuras |
| Disability Rights Ohio, | : | |
| | : | |
| Defendant. | : | |

**FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND ATTORNEYS' FEES**

## PRELIMINARY STATEMENT

1. Plaintiff The Buckeye Ranch, Inc. ("The Buckeye Ranch") offers treatment and support services to countless children and families in Ohio who struggle with emotional, behavioral and mental health issues. It is The Buckeye Ranch's mission to restore hope and to provide healing solutions for these children and their families, through a comprehensive treatment program and continued support. As one of Ohio's largest private, not-for-profit mental health agencies dedicated to youth, The Buckeye Ranch touches the lives of more than 4,800 children and families each year. With a wide array of programs and services, The Buckeye Ranch is able to provide high quality, individualized care that focuses on the strengths of each child and family.

2. Earlier this summer, The Buckeye Ranch self-reported several incidents involving physical restraints of minor children in its care to the State of Ohio pursuant to R.C. §2151.421. Independent investigations by the State of Ohio and the Counties of Franklin and Hamilton found no substantiation of abuse or neglect. Despite these conclusions, Disability Rights Ohio

("DRO") has begun a campaign to not only obtain records and interviews with the affected children but to conduct a general investigation into the policies and practices of The Buckeye Ranch. That includes a demand to randomly select and interview children residing at The Buckeye Ranch - without prior parental or guardian consent or even notice to the family. Efforts by The Buckeye Ranch to amicably work with the DRO and obtain consent from the parents and guardians of these minors was refused and met only by its own lawsuit[1].

3. The Buckeye Ranch at all times complies with Ohio and Federal laws and regulatory agencies to assure it is compliant with all rules and regulations. It is not its intent here to hide from any responsibility or obligation. Rather, this action seeks clarification from the Court as to the boundaries of the access DRO has to the records of The Buckeye Ranch and the children in its care and their families so that the constitutional rights and privacy interests of the children and their families remain protected. This action further seeks to enjoin DRO from exceeding its scope of access to records and access to resident minors of The Buckeye Ranch without the consent of the minor's parents or legal guardians.

## JURISDICTION AND VENUE

4. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331, as this case raises a question of general federal law.

3. The Buckeye Ranch's cause of action arises under the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801; 42 U.S.C. § 15043; and 42 U.S.C. § 1983.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) as DRO is located in this District and the events and omissions complained of occurred in this District.

---

[1] *Disability Rights Organization v. The Buckeye Ranch, Inc.*, Case No. 2:18-cv-894, filed August 16, 2018.

4841-9698-0848.1

## PARTIES

5.     The Buckeye Ranch is an Ohio corporation doing business in the state of Ohio, Franklin County, as The Buckeye Ranch.

6.     DRO is a non-profit corporation incorporated in the state of Ohio with its principal office located at 200 Civic Center Dr., Ste. 300, Columbus, OH 43215. Upon a good faith belief, DRO was appointed as a Protection and Advocacy System ("P&A System") under the federal Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"). P&A Systems are authorized to act as an agent of and on behalf of the U.S. Government to protect and advocate for the rights of people with mental illness and investigate reports of abuse and neglect in facilities that care for or treat individuals with mental illness.

## STATEMENT OF FACTS

7.     The Buckeye Ranch self-reports allegations of abuse and neglect to the State of Ohio Department of Mental Health in accordance with R.C. §2151.421. The Buckeye Ranch is obligated to report every allegation no matter how it arises. For example, if a child merely says "you tried to hurt me" that allegation must be reported.

8.     The Buckeye Ranch recently experienced five incidents involving four children where abuse and neglect allegations were made. The Buckeye Ranch reported these incidents to the State of Ohio as required by law.

9.     The State of Ohio and Franklin and Hamilton County investigated the incidents. None of these independent investigations found any evidence of abuse or neglect.

10.    These reports were not made to the DRO nor is The Buckeye Ranch aware of any reports or complaints made directly to the DRO by any independent agency or a parent or guardian of a minor resident of The Buckeye Ranch.

4841-9698-0848.1

11. In or about July 2018 DRO requested certain records related to these five incidents involving video footage.

12. In response to DRO's request The Buckeye Ranch produced the requested records of the four children involved including all video footage of the restraints.

13. DRO then demanded further video footage that did not include the restraints or the affected children. Instead, this video footage included children not involved and contained no information relevant to these five incidents. The Buckeye Ranch declined to produce the additional video as it was irrelevant and The Buckeye Ranch did not believe it was required or authorized to disclose it under applicable law.

14. On August 16, 2010, DRO demanded interviews with the four children to be conducted at 2:30 p.m. that day, providing only several hours' notice. Two of these children had already been discharged and were no longer residents.

15. The Buckeye Ranch at first agreed to provide access to the remaining two children subject to their therapy class schedules.

16. DRO immediately followed up with additional demands to allow access to any resident that DRO randomly selected to interview. DRO demanded that such access be made available within the week. (See Exhibit A, attached hereto.)

17. The Buckeye Ranch explained to DRO that its position was that under the applicable law the DRO needed consent from parents or guardians before it could interview children at random.

18. DRO claimed they did not need any such consent and had the right to select at random any resident minor to interview.

19. The Buckeye Ranch determined that in order to adequately protect the children and itself given various competing rights of privacy it would request an opinion from this Court and its interpretation of the applicable federal statutes and regulations.

20. Counsel for The Buckeye Ranch notified the DRO and suggested a joint action to the Court to obtain such an interpretation. (See Exhibit B, attached hereto.)

21. DRO did not respond, and instead, filed its own Complaint misrepresenting the facts and the position of The Buckeye Ranch.

## COUNT I – DECLARATORY RELIEF

22. The PAIMI provides a system whereby a designated agency ("P&A System") is given authority to investigate incidents of abuse and neglect of individuals with mental illness.

23. DRO claims to be that P&A System.

24. PAIMI provides at 42 U.S.C. § 10805(a)(4) that a P&A System may in furtherance of their investigations have access to the records "of any individual" who:

    (i)   is a client of the P&A System,
    (ii)  (a) cannot by reason of a mental or physical condition authorize the P&A System to have access, (b) has no legal guardian or for whom the guardian is the State, and (c) for whom a complaint has been received by the P&A System or there is probable cause to believe that such individual has been subject to abuse or neglect, or,
    (iii) (a) The legal representative has been contacted about a complaint received by the P&A System, (b) has failed or refused to act on behalf of the individual, and (c) there is probable cause to believe the health or safety of the individual is in serious and immediate jeopardy.

25. A P&A System has a right to "reasonable unaccompanied access *** to all areas of the facility which are used by residents or are accessible to residents." The P&A System also has a right to "reasonable unaccompanied access to residents at all times necessary to conduct a full investigation of an incident of abuse or neglect" but only when:

    (i)   An incident is reported or a complaint is made to the P&A System;

    (ii)    The P&A System determines that an incident has or may have occurred; or,

    (iii)    The P&A System determines that there is or may be an imminent danger of serious abuse or neglect of an individual with a mental illness.

42 CFR § 51.42(b)

26. A P&A System also may have access to residents for the purposes of (i) providing information and training on, referral to programs addressing the needs of individuals with mental illness, and information and training about individual rights and the protection and advocacy services available from the P&A System, (ii) monitoring compliance with respect to the rights and safety of residents, and (iii) inspecting, viewing and photographing the facilities used by residents or accessible to them. That access is only available if the P&A System "makes every effort to ensure that the parents of minors or guardians of individuals in the care of a facility are informed that the system will me monitoring the facility an may in the course of such monitoring have access to such minor." 42 CFR §51.42(c).

27. DRO does not have the authority to request records and access to residents at The Buckeye Ranch because the alleged incidents at The Buckeye Ranch were not reported to the P&A System and no complaints were made directly to DRO.

28. DRO does not have the authority to request records and access to residents at The Buckeye Ranch because there is no probable cause to believe that any abuse or neglect occurred as the State of Ohio and Franklin and Hamilton County investigated the incidents and found no substantiation of abuse or neglect.

29. DRO does not have the authority to request records and access to residents at The Buckeye Ranch because DRO has failed to establish that the resident minors of Buckeye Ranch are a client of the P&A System.

30. DRO does not have the authority to request records and access to residents at The Buckeye Ranch because DRO has failed to show any resident minor's legal representatives has refused or failed to act on behalf of the child and that the child is in immediate jeopardy.

31. DRO has no reasonable grounds for belief that an individual with mental illness has been, or may be at significant risk of being subject to abuse or neglect while in the care of The Buckeye Ranch.

DRO has failed to ensure that the parents of minors or guardians of individuals in the care of The Buckeye Ranch are informed that DRO will be monitoring the facility and may in the course of such monitoring have access to such minor.

32. DRO has failed to show that there is imminent danger of serious abuse or neglect of any of these children.

33. DRO claims it has no obligation to obtain consent of a parent or guardian or notify such parent or guardian of access to their child.

34. DRO is not entitled to the additional video footage because it is not a record of an individual, nor is it a report as defined in 42 USC §10806 and is not therefore subject to disclosure.

35. The additional video footage requested by DRO does not include a relevant individual. Rather, it includes other residents who are not relevant to the five alleged incidents.

36. A P&A System must operate within professional cannons of ethics pursuant to 42 CFR §51.31. In the event of a dispute over access to records and/or residents, the P&A System is advised to negotiate or mediate towards early resolution in the process. P&A Systems are instructed that "disputes should be resolved whenever possible through non-adversarial process involving negotiation, mediation and conciliation." They are further instructed by law that

"family members should be involved in this process where the individual with mental illness *** is a minor."

37. DRO has failed to operate within professional cannons of ethics by failing to instruct and involve family members in the process of access to an individual with mental illness.

38. DRO claims it is entitled to the additional video footage and access to all residents of The Buckeye Ranch facility without any need to inform the minor's parents to obtain consent.

39. Allowing DRO access to the resident minors without a parent or guardian's consent will hinder The Buckeye Ranch's ability to preserve the privacy rights of the resident minors it serves and the privacy rights of those resident minor families.

40. These injuries are irreparable with an expectation of being repetitive and evading review if not reviewed now. A justiciable controversy exists warranting declaratory relief.

41. Pursuant to R.C. § 2721.03, et seq., The Buckeye Ranch is entitled to a declaratory judgment that as a matter of law, DRO is not entitled to interview randomly selected minor residents absent probable cause and/or consent of a parent or guardian and is not entitled to the requested video footage which is not related to the reported incidents.

## COUNT II: 42 U.S.C. § 1983

42. The Buckeye Ranch incorporates all prior allegations as if fully rewritten herein.

43. DRO is an agent of the United States for purposes of fulfilling its role as a P&A System.

44. DRO has failed to establish probable cause to believe a resident minor at The Buckeye Ranch has been subject to abuse or neglect.

45. DRO's interviewing of minors residing at The Buckeye Ranch without particularized facts supporting probable cause or the consent of a parent or guardian exceeds the DRO's scope of access to The Buckeye Ranch's resident minors.

46. DRO's request for records and interviews without probable cause constitutes a search and seizure in violation of the Fourth Amendment of the United States Constitution both of the children and The Buckeye Ranch.

### COUNT III: PAIMI VIOLATES THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION

47. The Buckeye Ranch incorporates all prior allegations as if fully rewritten herein.

48. To the extent the PAIMI gives the P&A System, a non-law enforcement or judicial agency the power to determine in its sole discretion whether it has probable cause to search the records and interview residents of a residential facility such as The Buckeye Ranch, the PAIMI is unconstitutional under the Fourth Amendment of the United States Constitution as it violates the right to be free of unwarranted searches and seizures.

**WHEREFORE,** Plaintiff The Buckeye Ranch requests the following relief:

A. An order declaring that DRO does not have probable cause and is required to obtain consent of a minor's parent or guardian prior to being given access to interview the child;

B. An order declaring that DRO is not entitled to the additional video footage it has requested which is not relevant to the five incidents they claim to be investigating or authorized under the PAIMI;

C. A temporary, preliminary and permanent injunction prohibiting DRO from access to The Buckeye Ranch's records or resident minors without first obtaining consent from the resident minor's parent or guardian;

D. Compensatory and punitive damages for any violation by DRO of The Buckeye Ranch's rights under the Fourth Amendment the United States Constitution;

E.    An order declaring that the PAIMI is unconstitutional in light of the Fourth Amendment of the United States Constitution;

F.    An award of reasonable attorney fees and costs pursuant 42 U.S.C. § 1988.

G.    Any other relief that the Court deems appropriate.

Respectfully submitted,

**ISAAC WILES BURKHOLDER & TEETOR, LLC**

/s/ Maribeth Meluch

Maribeth Meluch    (0055903)
mmeluch@isaacwiles.com
Isaac Wiles Burkholder & Teetor, LLC
Two Miranova Place, Ste 700
Columbus, Ohio 43215
p. 614.221.2121
f. 614.365.9516
Attorneys for Plaintiff The Buckeye Ranch, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the First Amended Verified Complaint was served electronically upon Laura Osseck, attorney for Defendant Disability Rights Ohio on the 21st day of August, 2018.

/s/ Maribeth Meluch

Maribeth Meluch

4841-9698-0848.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Buckeye Ranch, Inc. | : | |
| | : | |
| Plaintiff, | : | Case No.: 2:18-cv-906 |
| | : | |
| v. | : | Judge Watson |
| | : | Magistrate Judge Vascuras |
| Disability Rights Ohio | : | |
| | : | |
| Defendant. | : | |

## VERIFICATION OF ROBERT PETERS III

*Robert Peters III*, being first duly cautioned and sworn, and acting as the Director of Quality Improvement, Compliance Officer, Maintenance Project Manager of Plaintiff The Buckeye Ranch, Inc. hereby states that the facts set forth in the foregoing First Amended Verified Complaint are true as he verily believes.

The Buckeye Ranch, Inc.

By: _____

Robert Peters III, Director of Quality
Improvement, Compliance Officer,
Maintenance Project Manager

Sworn to before me and subscribed in my presence this 21ˢᵗ day of August, 2018.

KENNETH H. JACKSON
Notary Public, State of Ohio
My Commission Expires 05-13-2023

_____
Notary Public

Error! Unknown document property name.Error! Unknown document property name.